Taliaeeebo, J.
In 1860, Simon & Prank, (whose assignee the present plaintiff is) having obtained a judgment against Charles Goldenberg. *155 issued execution, and seized a stock of merchandise belonging to Golden-berg. The goods seized were in a house leased to the defendant in this case by O. M. Conrad. After the seizure, Conrad filed his third opposition, and obtained a provisional seizure of the same goods claiming to be paid by preference out of the proceeds of the sale ($355) due him as lessor of the. house in which the goods wore found and seized. The entire proceeds of the sale. ($353 40) wore appropriated to the lessor’s claim, leaving nothing for the plaintiff's execution. The litigation arising from these matters, was before tills Court in April, I860, in the case of Simon & Frank v. Charles Goldenberg; C. M. Conrad, Intervenor, and is found reported in 15th Annual, p. 229.
In that case the Court said: “ There is no doubt in our mind that the defendant Goldenberg, occupied at the time, the whole house leased as aforesaid by the third opponent to Leopold, and that the goods seized belonged to him; in fact a portion of said goods had by him been purchased from plaintiffs. The defendant, no doubt, for the purpose of defeating the claim of (lie plaintiffs, did not see fit to disclose the title under which he occupied the premises; for had it been as sub-lessee, the property seized would only have been subject- to the privilege of the lessor to the extent of his indebtedness to the principal lessee. Civil Code, 2676. Whereas, under the interpretation given to the Articles 267.5 and 2677 of the Code, the privilege covers all the movables seized to (he full amount of the. rent. 11 L. 499. C B. 293. The principal lessee is not before us in a more favorable light; for, having failed to show ownership in himself, he, nevertheless, suffered the proceeds of the sale to go to the extinguishment of his own debt. The peculiar circumstances of this case are such that we. will make a reservation in favor of the plaintiffs in our decree.”
The Court, accordingly, in its judgment decreed “that the rights of action of the .plaintiffs, Simon & Frank, if any they have, to recover back the amount of the above judgment from Frederick Leopold, be reserved.”
Soon after the decree was rendered the present suit was instituted by Simon, the. assign»' of the plaintiffs in the former suit against.Leopold, the present defendant. .The potitiou charges the defendant and Golden-berg with having formed a fraudulent combination to defeat the plain tiffs’ claim against Goldenberg. The answer is a general denial. Judgment was rendered against the plaintiffs, and they have appealed.
Goldenberg, the defendant in the original suit we have referred to, and Leopold, the original lessee of the building in which Goldenberg’s goods were found, were all, well as the original plaintiffs, made parties by the third opponent claiming the proceeds of the'sale of the goods. Leopold and Goldenberg accepted service. The former admitted his indebtedness as alleged, and confessed judgment; the latter admitted the allegations to be true. Here then is the judicial confession of the defendant: that he owed the lessor the sum he claimed as due him on the lease ; and we have seen that the stock of merchandise belonging to Goldenberg found on th&leased premises, went to discharge pro tanto the rent due. Golden-berg y^ems easily to have acquiesced in the matter of having the proceeds pf Ms merchandise seized by his creditors, appropriated to the payment *156 of the lessor’s privilege instead of being applied towards the payment of his own creditors.
The judge a quo was inclined to think Goldenberg the real lessee, as the -leased, premises seems to have been occupied by him during, the whole period of the lease. Goldenberg', it is true, held from Conrad a written lease which expired in 1857, but prior to its expiration it was transferred to Leopold, and at its expiration it was verbally renewed to him until November, 1858. The amount claimed by the lessor, Leopold was obligated to him to pay, and having confessed judgment for it, he ought to be'considered the real debtor. The evidence in the record before us tends still further to mystify the character of the. relations that existed between the present defendant and Goldenberg, rather than to explain them; and we are left no.t free from doubt as to the fairness of their course towards the plaintiffs. We think, therefore, that the plain1 tiff should have judgment against the defendant for whatever portion of the proooeds of the merchandise seized under the plaintiff’s execution, that was applied towards the payment of the superior claim of the lessor. Garcia, the agent of Conrad, the lessor, testifies that the claim for rent was fully satisfied; that he received of the whole amount ($387 90) the sum of $143 35 from Leopold, and the remainder being $244 55, from the sheriff, under the decree of the Supreme Court rendered in April, 1860, in the case of Simon & Frank v. Charles Goldenberg, C. M. Conrad, Intervenor. 15th An. p. 229.
An exhibit of this settlement is appended to the evidence given by the agent. It bears date 25th January, 1861. The agent states that he received the money paid by the sheriff about a month previous to the payment by Leopold.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed. It is further ordered, adjudged and decreed, that the plaintiff, M. Simon, in his representative capacity of assignee» of Simon & Frank, recover from the defendant Frederick Leopold, the sum of two hundred and forty-four dollars and fifty-five cents, with five per cent, interest thereon from the 8th day of May, 1858; the defendant and appellee paying costs in both Courts.
Howexx, J. recused.